STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,

v.

William E. FULLER, Respondent.

S.C.B.D. No. 3385.

Supreme Court of Oklahoma.

Jan. 13, 1988.

K. Lynn Anderson, Gen. Counsel, Alan B. Foster, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

William E. Fuller, Oklahoma City, pro se.

## MEMORANDUM OPINION

ALMA WILSON, Justice:

Respondent lawyer was accused by Petitioner Bar Association of professional misconduct sufficient to warrant professional discipline. Respondent stipulated to the facts set forth in the complaint, which stipulation was accepted and approved by each of the three members of the Professional Responsibility Tribunal. Shortly after the stipulation was filed in this Court, Respondent waived the filing of brief. When the time for the filing of Respondent's brief expired, the matter stood submitted.

The facts to which the Respondent stipulated are as follows:

### ACTS OF MISCONDUCT

#### COUNT I

1. During the Summer of 1983, Respondent accepted employment on behalf of Glenn Horton to recover damages owing to personal injuries sustained by Mr. Horton in an accident at a motel.

2. Subsequent to Respondent's employment, Mr. Horton received a check from the motel's liability insurance carrier in the amount of $1,000.00 for medical pay and delivered said check to Respondent.

3. Thereafter, Respondent wholly failed to initiate any lawsuit, to communicate with Mr. Horton, and refused or neglect-

ed to answer numerous telephone inquiries of Mr. Horton.

4. As a result of Respondent's neglect, the statute of limitations expired without a lawsuit ever being filed on Mr. Horton's case. Additionally, Respondent lost or misplaced Mr. Horton's file containing the medical pay check.

5. Prior to the expiration of the statute of limitations, the motel's insurance carrier had been prepared to settle Mr. Horton's claim for $2,338.50.

6. Once Mr. Horton filed a grievance against Respondent with the Office of the General Counsel, Mr. Ray Page, investigator for Complainant, was able to arrange replacement of the $1,000.00 lost check to Mr. Horton by the motel's insurance carrier.

## CONCLUSION OF LAW

Said conduct of Respondent is in violation of the mandatory provisions of the Code of Professional Responsibility, DR 6–101(A)(3), DR 7–101(A)(1), (2), (3), and DR 9–102(B)(2), and constitutes grounds for professional discipline.

## COUNT II

1. On or about the 10th day of May, 1983, Respondent accepted employment on behalf of John C. Shield, Jr. to file a lawsuit against Ertel Ready Mix Concrete Company for repair damages sustained by Mr. Shield due to inferior ready mix concrete supplied to Mr. Shield by Ertel. On the same date, Mr. Shield paid Respondent $300.00 as a retainer fee.

2. Thereafter, Respondent wholly failed to initiate any lawsuit, nor to communicate with Mr. Shield. Respondent moved his office to a different location without notifying Mr. Shield.

3. In September, 1984, Respondent was given an additional $200.00 in fees to initiate the lawsuit against Ertel. Again, Respondent wholly failed to file the lawsuit, refused or neglected to answer numerous telephone and written inquiries from Mr. Shield.

4. Due to the neglect of Respondent, the statute of limitations ran on Mr. Shield's claim against Ertel.

## CONCLUSION OF LAW

Said conduct of Respondent is in violation of the mandatory provisions of the Code of Professional Responsibility, DR 6–101(A)(3) and DR 7–101(A)(1), (2), (3), and constitutes grounds for professional discipline.

Having examined the pleadings, and the stipulation, and the recommended discipline submitted by the Professional Responsibility Tribunal, this Court holds that:

(1) On de novo review of the record before the Court, public censure is the appropriate disciplinary sanction to be imposed for respondent's misconduct.

(2) The Respondent is assessed costs of all proceedings in this matter, and costs in the sum of $287.94 including restitution be repaid as a condition precedent to Respondent's readmission to the practice of law. Restitution has been made.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, BY THIS COURT that Respondent herein be publicly censured by the Supreme Court of the State of Oklahoma.

HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., dissents: "I would suspend for 60 days as recommended by the Professional Responsibility Tribunal."

DOOLIN, C.J., joins SIMMS, J.