**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**John Gregory THOMAS, Respondent.**

**SCBD No. 3930.**

Supreme Court of Oklahoma.

Oct. 25, 1994.

As Amended on Limited Grant of Rehearing Dec. 15, 1994.

Dan Murdock, Gen. Counsel, and Mike Speegle, Asst. Gen. Counsel, Okl. Bar Ass'n Oklahoma City, for complainant.

Terrill Landrum, Muskogee, for respondent.

HODGES, Chief Justice.

On July 7, 1993, the Oklahoma Bar Association (OBA or complainant) filed a two-count complaint alleging the respondent, John Gregory Thomas, had violated rules 1.1, 1.3 and 3.2 of the Rules of Professional Conduct, Okla.Stat. tit. 5, ch. 1, app. 3–A (1991).

 The stipulated facts show in January 1986, Robert Shine retained the respondent to represent him in a worker's compensation matter. The respondent filed the Form 3 in

February 1986. The respondent failed to file the Form 9. After another attorney assumed responsibility for the matter, a judge ruled that the claim was barred by the statute of limitations.

Likewise, Beulah Johnson retained the respondent to handle a work-related injury case. The respondent filed the Form 3 in February 1986. Again, the respondent failed to file the Form 9 within the five year statutory period causing the claim to be barred.

The respondent testified that, at the time he took on the Shine and Johnson matters, he was in a firm with another lawyer. Because of some personnel problems and cramped space, the respondent left the firm and began a solo practice taking with him the Shine and the Johnson files. During the move, the Shine file was misplaced.

In late 1987, the respondent hired a second lawyer, Mr. White. Mr. White left in 1988. Because the departure was abrupt, the respondent was left with a heavy case load. At the same time, the respondent was having problems with support personnel. The respondent then hired another lawyer who left after a short period of time.

As to the Shine case, the respondent testified he found the misplaced file after the insurance carrier contacted him in 1990. Mr. Shine went back to the doctor for an evaluation. Mr. Shine told the respondent that he had to return for additional treatment. Mr. Shine never contacted the respondent following the treatment.

The respondent had no further contact with Mr. Shine. However, in late 1991, Mr. Shine's family requested the file from the respondent. The family took the case to another attorney who filed a Form 9. The court subsequently made a ruling that the claim was barred by the statute of limitations.

The second count arises from Ms. Johnson's case which occurred in the same time frame as the Shine incident. Respondent filed a Form 3 on February 14, 1986, because of a work-related injury sustained by Ms. Johnson. The insurance company paid temporary total disability benefits through 1986.

Ms. Johnson was released by the doctor in November or December of 1986.

The respondent testified that the condition of the Workers' Compensation Court had an effect on the case. During this time, insurance companies quit offering joint petitions. The court became extremely bogged down. Respondent discussed this with Ms. Johnson and concluded that it would be best to pursue this case when the court's docket improved.

Ms. Johnson was given a disability rating with which she was unhappy. The respondent was also unhappy with the report. Therefore, he did not follow his normal routine of filling out a Form 9 immediately after receiving a copy of the report. When the respondent contacted the doctors about changing the report to a permanent disability, they refused.

Following the conversation with the doctor about the reevaluation, the respondent remembers filling out a Form 9 and leaving it in the basket for his secretary. His routine was to write in the information on a copy of the form and then his secretary would type it on the original form and mail it. He assumed this procedure was followed in Ms. Johnson's case. He did not routinely request the compensation court to send him a file stamped copy.

Ms. Johnson and her family called about the case. However, believing that the Form 9 had been filed, the respondent told them he was simply waiting on a court date. The respondent testified it was common to have a 6 to 8 month delay on hearings.

Mr. Thomas was not aware that a Form 9 had not been filed until Mr. Pearson, another attorney, called him. Mrs. Johnson had requested that her case and file be transferred to Pearson and the respondent complied with her request.

The respondent admits there was a breakdown in his system. However, the Johnson case was not lost or intentionally put off. The respondent honestly believed that the proper forms were filed and that the wait was due to a bogged-down Workers' Compensation Court.

The Professional Responsibility Tribunal (PRT) agreed that the stipulations were an

accurate account of the facts. The complainant initially recommended a public censure. After hearing the respondent's testimony, the complainant changed its recommendation to a private reprimand. The PRT also recommended a private reprimand contingent on the respondent paying the costs and making restitution within six months after this Court's order was filed.

The matter was filed with this Court on July 7, 1993. On January 20, 1994, the Court ordered the respondent to file a report within ten days stating whether he had made restitution. After the respondent failed to comply with the order, the matter was remanded to the PRT to take additional evidence on the subject and make further recommendations for discipline based on its findings.

The PRT conducted a hearing. The respondent testified that he had received this Court's January order, had not responded to the order, and had no excuse for his failure. Both Mr. Shine and Ms. Johnson have filed malpractice suits against the respondent in the district court. The PRT now recommends the respondent be publicly reprimanded, ordered to pay restitution, ordered to comply with this Court's January order, and ordered to pay the costs of these proceedings.

After a de novo review of the record, *see State ex rel. Oklahoma Bar Ass'n v. Farrant,* 867 P.2d 1279, 1283–84 (Okla.1994), this Court finds the stipulated facts to be correct. Also the respondent did not comply with this Court's order and had no justification for his failure. The respondent has not been previously disciplined.

Respondent has violated the Rules of Professional Conduct, Okla.Stat. tit. 5, ch. 1, app. 3–A (1991), specifically Rule 1.1 by failing to provide competent representation to his clients, Rule 1.3 by failing to act in a diligent and prompt manner in representing his clients, Rule 3.2 by failing to expedite litigation, and Rule 8.1(b) by failing to respond to an order of this Court in a disciplinary matter.

The purpose behind attorney discipline is not punishment but to preserve the integrity of the bar and courts and to protect the public. *State ex rel. Oklahoma Bar Ass'n v. Peveto,* 620 P.2d 392, 395 (Okla.1980). Also the discipline must serve to prevent similar acts from occurring in the future. *State ex rel. Oklahoma Bar Association v. Denton,* 598 P.2d 663, 665 (Okla.1979).

■ Although each bar disciplinary matter is unique, generally public censure is the appropriate discipline for neglect of a client's matter. In *State ex rel. Oklahoma Bar Ass'n v. Fuller,* 748 P.2d 990 (Okla.1988), the attorney accepted employment to file two lawsuits. Because of the neglect of the attorney in filing the suits, the statute of limitations ran in both cases. This Court found that a public censure was the appropriate discipline.

In *State ex rel. Oklahoma Bar Ass'n v. Braswell,* 663 P.2d 1228 (Okla.1983), the OBA argued that allowing the statute of limitations to run constituted gross neglect such that the attorney should be deemed to have acted with intent. This Court rejected the OBA's argument, found that the record did not reflect that the attorney acted with intent, and publicly censured the attorney. In the present case, public censure is the appropriate discipline for the neglect of the clients' matters.

The respondent in this case has also willfully failed to respond to an order of this Court requesting additional information in its capacity as a disciplinary authority. This failure to respond in violation of Rule 8.1(b) warrants additional discipline. The integrity of the Court demands that attorneys, who are officers of the Court, respect its authority. After careful consideration, it is the opinion of this Court that public censure is the appropriate discipline.

The PRT has recommended the respondent be ordered to make restitution. We have generally ordered restitution only when the amount has been readily determinable. *See State ex rel. Oklahoma Bar Ass'n v. Perkins,* 827 P.2d 168 (Okla.1992); *State ex rel. Oklahoma Bar Ass'n v. Miskovsky,* 824 P.2d 1090 (Okla.1991). In this case, both clients have filed petitions in the district court against the respondent for his negligent acts. Because of the difficulty in deter-

**480**

mining an appropriate amount of restitution and because the respondent's clients have other avenues open to them to recover their losses, it is better that the proper amount of compensation be left to the trial court.

The PRT found that the respondent's attorney had violated the Rules of Professional Conduct and recommended that he be sanctioned as this Court deemed appropriate. There are no facts before this Court which warrant discipline of the respondent's attorney.

Finally, the Oklahoma Bar Association filed an application to assess costs against the respondent in the amount of $448.52. *See* Rules Governing Disciplinary Proceedings, Okla.Stat. tit. 5, ch. 1, app. 1–A, rule 6.16 (1991). The respondent has not challenged the application.

It is therefore ordered that the respondent, John Gregory Thomas, is publicly censured and ordered to pay costs of $448.52 within thirty (30) days from the date that this opinion is filed.

RESPONDENT PUBLICLY CENSURED, SUSPENDED FROM PRACTICE OF LAW FOR SIXTY DAYS, AND ORDERED TO PAY COSTS.

LAVENDER, V.C.J., and OPALA, KAUGER and WATT, JJ., concur.

HARGRAVE, J., with whom ALMA WILSON, J., joins, concurs in discipline, but dissents from imposition of the sixty day suspension.

SUMMERS, J., not participating.