STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Charles W. PRATHER, Respondent.

SCBD No. 4097.

Supreme Court of Oklahoma.

July 16, 1996.

Allen J. Welch, Oklahoma Bar Association, Oklahoma City, for Complainant.

C. Rabon Martin, Tulsa, for Respondent.

WATT, Justice.

On August 31, 1995, the Oklahoma Bar Association filed a six count complaint alleging that respondent, Charles W. Prather, engaged in unprofessional conduct. The respondent and the Bar Association appeared before a three-member panel of the Professional Responsibility Tribunal and presented agreed findings of fact, conclusions of law and joint stipulations which included prior discipline, mitigation and recommendation for discipline. The trial panel accepted the stipulations and filed its report setting out findings of fact, conclusions of law and recommendation of discipline to this Court. The Bar Association filed its Brief–in–Chief and respondent waived an answer. The mat-

ter is before us for *de novo* review of the proceedings.

## COUNT I

Complainant withdrew and dismissed all of the allegations set forth in Count I of the complaint.

## COUNT II

Respondent was retained to represent Linda C. Miller ("Miller") regarding substantial property damage sustained when her apartment complex caught fire. Respondent filed an action in Tulsa County District Court, *Miller v. French Quarter, et al.,* CJ–92–2066. Respondent failed to obtain personal service on any of the defendants and did not attempt service by publication. On January 27, 1993, the trial court entered an order dismissing the case due to failure to obtain service within the required time.

On November 1, 1993, Respondent refiled the action in Tulsa County District Court, restyled *Miller v. French Quarter, et al.,* CJ–93–4877. Respondent again failed to obtain personal service on any of the defendants and again did not attempt service by publication. On August 26, 1994, the trial court again entered an order dismissing the case for failure to obtain service within the required time.

Respondent failed to inform Miller that her case had been dismissed on two separate occasions. Also, he did not inform Miller that he had refiled her case on November 1, 1993. Miller unsuccessfully telephoned Respondent on several occasions to request status reports and information pertaining to her case. Respondent did not return most of her phone calls and he did not inform Miller of his change of address after any of his four

office moves during the time he represented Miller.

Marshall Dyer ("Dyer"), an attorney who was later retained by Miller, entered an appearance and obtained service on the defendants. Dyer was unaware the action had been dismissed for the second time on August 26, 1994. On January 25, 1995, the Court sustained the defendant's Motion to Quash Service, reciting the above-mentioned series of events. Miller's claim is now barred by the statute of limitations and the provisions of 12 O.S.1991 § 100 prohibit her from refiling.

The Bar and respondent stipulated that these actions violated Rules 1.1, 1.3, 1.4 and 3.2 of the Oklahoma Rules of Professional Conduct, 5 O.S. Supp.1988 Ch. 1, App. 3–A [1]. We agree.

## COUNTS III—VI

As to Counts III, IV, V, and VI, the complainant withdrew and dismissed all allegations as to any violations of Rule 5.2, Oklahoma Rules of Professional Conduct. The parties stipulated and agreed to the following:

(A) The letters sent by regular mail by complainant to respondent were not returned to the complainant. Respondent did not receive these letters until he discovered them at an address where he had previously officed after he was served with a subpoena for his deposition.

(B) The letters sent by certified mail by the complainant to the respondent were returned to complainant with notations thereon indicating that the respondent had moved

---

1. *Those rules provide:*

Rule 1.1 states:
   A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
Rule 1.3 states:
   A lawyer shall act with reasonable diligence and promptness in representing a client.
Rule 1.4 states:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.
Rule 3.2 states:
   A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

from the address indicated and that he had left no forwarding address.

(C) On April 8, 1995, Respondent was served with a subpoena to take his deposition. His deposition was taken on May 9, 1995.

(D) From January 1994 through on or about January of 1996, the respondent changed his office location four times. Only upon his most recent move did the respondent notify the Bar Association of his new address.

The Bar and the respondent agreed that his failure to notify Miller of his address changes violated Rules 1.3, 1.4, and 3.2, Oklahoma Rules of Professional Conduct. We agree.

## MITIGATION

In March, 1995, the respondent was diagnosed as suffering from Adult Attention Deficit Disorder, "ADD". This syndrome is a neurological abnormality which affects the judgment and decision making areas of the brain as well as the portions of the brain which help to regulate the ability to concentrate. Since May, 1995, Respondent has been and continues to be successfully treated for his condition with medication. On April 15, 1992, and before his diagnosis and treatment of ADD, Respondent received a private reprimand by this Court for unprofessional conduct which included neglect. Prior to his diagnosis, Respondent also received private reprimands from the Professional Responsibility Commission on two separate occasions for professional misconduct which, in part, included neglect.

■ In *Oklahoma Bar Ass'n. v. Busch*, 919 P.2d 1114 (Okla.1996), this Court considered a disciplinary proceeding wherein the respondent was diagnosed with and treated for ADD. This Court held that respondent's treatment for this illness was taken into account as a mitigating factor in the imposition of discipline. *Busch* at 1120. Likewise, in the present case, we take Respondent's "neurological deficit, now under control, into account as mitigation" in determining appropriate discipline. *Busch* at 1120.

## DISCIPLINE

The Bar Association and Respondent agreed that Respondent be given a public reprimand. This Court, having considered prior cases of attorney misconduct has deemed Public Censure as an appropriate sanction for 1) neglecting to provide competent representation to a client, in violation of Rule 1.1; 2) failing to act with reasonable diligence and promptness in representing a client; in violation of Rule 1.3; 3) failing to keep the client reasonably informed of the status of the case, in violation of Rule 1.4(a); and 4) neglecting to reasonably explain a matter to allow the client to make informed decisions regarding the representation, in violation of Rule 1.4(b), Oklahoma Rules of Professional Conduct. *State ex rel. Oklahoma Bar Ass'n. v. Fuller*, 748 P.2d 990 (Okla.1988); *State ex rel. Oklahoma Bar Ass'n. v. Busch*, 832 P.2d 845 (Okla.1992).

Respondent attributes his repeated neglect in the Miller case and prior instances of misconduct to his ADD and requests this Court consider his disorder in its imposition of professional discipline. This Court has long held that "illness does not shield an attorney from his professional responsibility." *Oklahoma Bar Ass'n v. Fore*, 562 P.2d 511, 514 (Okla.1977). The Court notes, however, that since May of 1995, Respondent has remained involved in a prescribed treatment plan for ADD which includes medication and the appropriate personal commitment necessary to control his medical problem. We take Respondent's positive steps towards treatment of his medical problem into account in the imposition of discipline.

■ The decision as to what discipline to impose on Prather rests with this Court after a *de novo* review of the record. *State ex rel. Oklahoma Bar Ass'n v. Carpenter*, 863 P.2d 1123 (Okla.1993); *State ex rel. Oklahoma Bar Ass'n v. Lloyd*, 787 P.2d 855 (Okla. 1990). Upon review of the record, this Court finds the conduct of Respondent in the Miller case to be in violation of the standards of ethical conduct set forth above and warrants a Public Censure.

"The purpose of attorney discipline is not punishment but to preserve the integrity of

the bar and courts and to protect the public." *State ex rel. Oklahoma Bar Ass'n v. Thomas,* 886 P.2d 477, 479 (Okla.1994). Therefore, we find supervision necessary to maintain order in Respondent's law practice and to ensure that his clients' cases are systematically monitored. Respondent is hereby ordered to meet every three months with an OBA lawyer-member of the General Counsel's choice, to discuss the respondent's case management and docketing systems. The monitoring lawyer shall submit to the General Counsel a quarterly report as to whether Respondent is properly managing his cases and his docket. If Respondent continues to maintain his case load satisfactorily, the monitoring period shall cease no later than eighteen (18) months from the date of the first report.

Respondent is ordered to pay the costs of these proceedings in the amount of $1,397.01 in two equal installments to the Oklahoma Bar Association. The first installment of $698.51 is due within not more than thirty days from the date of filing this opinion and the second installment of $698.50 is due within not more than thirty days from the date of the first installment.

Respondent's motion to make an oral presentation to this Court requesting a deferral of imposition of discipline, is hereby denied.

**RESPONDENT PUBLICLY CENSURED; SUPERVISION ORDERED; AND COSTS IMPOSED.**

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS and SUMMERS, JJ., concur.

HARGRAVE, J., concurs in part, dissents in part.

OPALA, J., dissents.

1. The Oklahoma Bar Association and Prather stipulated that his actions were in violation of Oklahoma Rules of Professional Conduct, 5 O.S. 1991 Ch.1, App. 3–A Rule 1.1, 1.3, 1.4, and 3.2.

2. Prather received on February 25, 1994 a private reprimand from the Professional Responsibility Commission for the offense of neglecting a client, on April 25, 1992 from this court for a violation that consists of neglect, and on December 7, 1990 from the Professional Responsibility Commission for a breach of trust.

OPALA, Justice, dissenting from today's sanction of public censure.

The court holds today that public censure *cum* quarterly supervision will suffice as discipline for a lawyer who violated several of the Oklahoma Rules of Professional Conduct [ORPC][1] and had previously received three private reprimands.[2] I cannot agree with the measure of discipline imposed. The court's public reprimand of a "deeply scarred"[3] lawyer, blemished by earlier brushes with the disciplinary system, is much too mild a sanction. *No lawyer who has been evaluated psychologically as seriously impaired should be allowed to practice law without day-by-day supervision.*

As I counseled in *State ex rel. Oklahoma Bar Ass'n v. Wolfe,* 919 P.2d 427, 435–36 (Okla.1996) (Opala, J., dissenting), a psychologically impaired legal practitioner must undergo meaningful evaluation at the disciplinary period's beginning and at its end as well as be subjected to strict supervision, if, as here, probation may be indicated. This much is a *sine qua non* public safety requirement. In keeping with the new, tougher policy for repeat offenders, which I advocated in *Wolfe,* Prather should be closely watched to protect his clientele from his disorder's harmful consequences.

On August 31, 1995 Prather was charged with six separate counts of violating the ORPC.[4] He entered, with the Oklahoma Bar Association, into stipulated findings of fact and conclusions of law which submit as admitted and agreed that (1) Prather had received three earlier private reprimands, (2) he is suffering from Adult Attention Deficit Disorder [ADD] which may be considered as a mitigating factor in his case and (3) he be disciplined by public reprimand.

3. By the phrase "deeply scarred" I refer to those legal professionals who have been significantly affected by substance abuse or by destructive psychological forces. *See State ex rel. Oklahoma Bar Ass'n v. Wolfe,* 919 P.2d 427, 435 (Olka.1996) (Opala, J., dissenting).

4. *See supra* note 1.

In short, because Prather suffers from ADD, he asked that the court lessen his discipline. The psychiatrist, who diagnosed him in March 1995, said that without appropriate medication, behavioral modification or coordination between his work, family and himself, *it would be extraordinarily difficult for him to finish tasks or to absorb the information necessary to function adequately.* The court declines to treat Prather's ADD diagnosis as a legal defense to the counts, but does note, in mitigation, that he is presently undergoing a program of treatment.[5]

Until Prather should convincingly demonstrate—over an appreciable period of time—that he can serve his clients and control his disorder, I would visit upon him a much stricter discipline than that adopted today. Aside from day-to-day supervision, periodical psychological evaluations should be ordered to provide the bar's general counsel with the data necessary to evaluate his condition's stability and his treatment's progress as well as to determine if he is fit to practice under less than daily supervision. Basic concerns for public safety demand that Prather's conduct of his law practice as well as the progress to be achieved by the therapy designed for him to minimize the detrimental impact of the diagnosed disorder on Prather's fitness to practice law be *carefully and closely monitored.*

A much more intrusive form of severe prophylactic discipline should be visited upon this "deeply scarred" repeat offender.

**5.** *See State ex rel. Oklahoma Bar Ass'n v. Busch,* 919 P.2d 1114 (Okla.1996).