2005 OK 76

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Michael D. PATTERSON, Respondent.**

**SCBD No. 4937.**

Supreme Court of Oklahoma.

Oct. 25, 2005.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Charles F. Alden, III, Alden & Leonard, Oklahoma City, OK, for Respondent.

HARGRAVE, J.

¶ 1 The Complainant Oklahoma Bar Association alleged professional misconduct by Respondent warranting disciplinary proceedings. Professional Responsibility Tribunal found Respondent's conduct violated Rules 1.1, 1.2, 1.3, 1.4, and 1.16 of the Oklahoma Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–1 (2001), as well as Rule 5.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. ch. 1 app. I–A (2001), and recommended public censure, payment of costs and restitution to his client.

¶ 2 The Professional Responsibility Tribunal (PRT) adopted the submitted stipulations of fact and conclusions of law as part of its findings. A review of the record reveals the stipulated facts and conclusions of law to be accurate. The stipulations of fact and conclusions of law were the main evidence put forth in the present action. Respondent's testimony confirmed the stipulations of fact and conclusions of law. The stipulations reflect that Patterson has been a member of the Oklahoma Bar Association since 1991, and has not been previously disciplined. Costs of $635.75 may properly be imposed.[1]

¶ 3 The stipulations of fact and conclusions of law show that on March 5, 1999, Carol Travis was involved in an automobile accident and received subsequent medical treatment for injuries arising out of that accident.

---

1. Rules Governing Disciplinary Proceedings,     Rules 6.13 6.16, 5 O.S.2001, Ch. 1, App. 1–A.

On April 14, 1999, Mrs. Travis hired Respondent, Patterson, to represent her for recovery of damages arising from the March 5th accident. Mrs. Travis had been treated prior to the accident for chest pains and high blood pressure. She had required further treatment for these conditions after the accident and Respondent alleged that the accident caused a worsening of this preexisting conditions. Lost wages were also alleged.

¶ 4 The tort-feasor's insurance carrier took the position that the compensable injury from the accident was neck strain and countered that treatment, for chest pains and high blood pressure that were not related to the accident, was not compensable. The tort-feasor's insurance carrier also disputed the amount of lost wages and the offer for settlement made by the tort-feasor's insurance carrier was initially declined by Mrs. Travis, and was withdrawn when she later wished to accept, at no fault of Respondent.

¶ 5 On December 12, 2000, Respondent filed a lawsuit on Mrs. Travis' behalf against two defendants alleged to have caused the accident. On August 1, 2001, one of the defendants, through her attorney, filed a motion to dismiss the case based on the failure of the Respondent to obtain service of process within the statutory period. Respondent's only action had been filing the lawsuit and giving the summons to a private process server who did not succeed in obtaining service. On September 10, 2001, the District Court dismissed the case and granted Respondent sixty days to re-file the action.

¶ 6 On November 2, 2001, Respondent filed a "First Amended Petition." The primary tort-feasor had died and Respondent filed the case naming "The Estate of" as defendant. No service of process was obtained and the First Amended Petition was dismissed on November 1, 2002 by the District Court of Oklahoma County.

¶ 7 On April 24, 2003, Respondent re-filed the case again in the Oklahoma County District Court. On November 25, 2003, The case was again dismissed without prejudice.

¶ 8 On September 25, 2003, Carol Travis filed a grievance with the Oklahoma Bar Association relating to Respondent's representation of her in the aforementioned matter. She alleged that Respondent had refused to give her the case file so that she might obtain other counsel and that he had not returned his phone calls since April of 2003. This matter was treated as an informal grievance and Respondent was asked to respond.

¶ 9 Patterson's Response was approximately two weeks late. In his response he stated that he had filed a lawsuit on Mrs. Travis' behalf and that he believed it winnable with damages significantly less than his client expected. Mrs. Travis was furnished with a copy of the response and she stated, in part, that she had requested her file so that she could get another attorney.

¶ 10 On March 24, 2004, Respondent sent an additional letter to the Bar stating in part "I accept that I did not get this matter set as required." The matter was then opened for formal investigation and the Respondent ignored two subsequent letters from the Bar and refused to respond further.

¶ 11 The Professional Responsibility Tribunal found that Respondent did not diligently purse the lawsuit after it was filed on behalf of Mrs. Travis. His efforts to obtain service of process were less than adequate and service was not obtained. The Panel further found that Respondent did not respond to requests from Carol Travis, and that file was not returned until he retained his counsel who delivered the file for copying to the office of the Oklahoma Bar Association.

¶ 12 The Bar and the Respondent as well as the trial panel recommend that Mr. Patterson receive public censure and that he be required to make his client whole by paying her out-of-pocket medical costs which amounted to $2,742.71. Patterson has paid this amount to Mrs. Travis.

¶ 13 Although we give the trial panel's recommendations great weight, we are obligated to consider the evidence de novo and reach our own conclusions as to the discipline to be imposed. *State ex rel. Oklahoma Bar Association v. Miskovsky*, 1992 OK 40 ¶ 8, 832 P.2d 814, 817. After a review of the transcript of the Panel's hearing and reviewing the record in the present case, we conclude that the recommendation made by the trial panel was proper.

¶ 14 Mr. Patterson neglected his client's case, he did not give her competent representation, he did not act with due diligence and promptness in his representation, and he did not adequately communicate with his client. Additionally, he refused to surrender a copy of his file when he was fired by his client. We find that by these actions Respondent violated Rules 1.1 [2], 1.3 [3], 1.4 [4] and 1.16 [5] of the Oklahoma Rules of Professional Conduct.

¶ 15 We also find Respondent failed to assist in the investigation of the current matter. Patterson failed to respond to two letters from the General Counsel and failed to timely appear when subpoenaed for deposition. He did, however, show up a week late for the deposition citing a scheduling mistake on his part. This a violation of Rule 5.2 of the Rules Governing Disciplinary Proceedings [6].

¶ 16 This Court has been previously presented with almost the same set of facts in another bar matter. In *State ex rel. Oklahoma Bar Association v. Prather*, 1996 OK 87, 925 P.2d 28, the Respondent therein twice failed to obtain proper service upon the defendants in a lawsuit he was prosecuting. This led to the dismissal of the case and running of the statute of limitations. This Court found such acts to be in violation of the rules of professional conduct and ordered public censure.

¶ 17 In the present matter, Respondent has acknowledged his misconduct and has expressed remorse for his actions. He also testified that he will not make this type of mistake in the future. Respondent has also made restitution to his client for her out-of-pocket medical expenses. Therefore, we find public censure to be the proper discipline. The Bar Association has also moved that costs of this proceeding be assessed against the Respondent, and the Respondent is ordered to pay such costs totaling $635.75 within thirty (30) days from the date this opinion becomes final.

**RESPONDENT IS PUBLICLY CENSURED AND ORDERED TO PAY THE COSTS OF THIS DISCIPLINARY PROCEEDING IN THE AMOUNT OF $635.75, WITHIN THIRTY (30) DAYS FROM THE DATE THIS OPINION BECOMES FINAL.**

¶ 18 ALL JUSTICES CONCUR.

---

2. 1.1 Competence
A lawyer shall provide competent representation to a client.
Competent representation requires the legal knowledge, skill, the thoroughness and preparation reasonably necessary for the representation. 5 O.S.2001, Ch.1 App 3–A

3. 1.3 Diligence
A lawyer shall act with reasonable diligence and promptness in representing a client. 5 O.S.2001, Ch.1 App 3–A

4. 1.4 Communication
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. 5 O.S.2001, Ch.1 App 3–A

5. 1.16 Declining or Terminating Representation
(d) Upon termination of representation a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled. 5 O.S.2001, Ch.1 App 3–A

6. 5.2 Investigations
... [T]he failure of a lawyer to answer within twenty(20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline.