2006 OK 9

**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Richard Lee WELDON, Respondent.**

SCBD No. 4898.

*Supreme Court of Oklahoma.*

Feb. 7, 2006.

Dan Murdock, General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Richard Lee Weldon, Oklahoma City, OK, Pro Se Respondent.

HARGRAVE, J.

¶1 The Complainant Oklahoma Bar Association alleged professional misconduct by

Respondent warranting disciplinary proceedings. Professional Responsibility Tribunal found Respondent's conduct violated Rules 1.1 and 8.4(d) of the Oklahoma Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–1 (2001), as well as Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A (2001), and recommended public censure and payment of costs.

¶ 2 The Professional Responsibility Tribunal (PRT) adopted the submitted stipulations of fact and conclusions of law as part of its findings. A review of the record reveals the stipulated facts and conclusions of law to be accurate. The stipulations of fact and conclusions of law were the main evidence put forth in the present action. Respondent's testimony confirmed the stipulations of fact and conclusions of law. The stipulations reflect that Weldon has been a member of the Oklahoma Bar Association since 1974, and has twice been previously disciplined by private reprimand from the Professional Responsibility Commission. Costs of $512.36 may properly be imposed.[1]

¶ 3 The stipulations of fact and conclusions of law show that on February 25, 2003, Weldon entered his appearance in the representation of a client in the United States District Court of the Western District of Oklahoma. During the time of his representation, the Respondent failed to represent his client with the reasonable competence required of an attorney licensed to practice law in the State of Oklahoma.

¶ 4 The Respondent failed to appear at a Status Conference scheduled for May 6, 2003, despite having notice of that conference. No contact was made with the Court by the Respondent on that date. On May 6, 2003, the Court ordered the parties to submit a brief within ten days. No such brief was submitted by the Respondent. On May 7, 2003, the Court ordered the Respondent to show cause why he should not be disciplined for his failure to appear on May 6, 2003. The Respondent filed his response on May 16, 2003, one day late.

¶ 5 On June 9, 2003, the Court ordered the Respondent to show cause by June 11, 2003 why he should not be disciplined for failing to file the brief as directed in the May 6, 2003 Order. The Respondent failed to file any response of show cause for his failure to file the brief as directed. A settlement conference was set for July 18, 2003. Settlement conference statements were due on July 16, 2003. No settlement conference statements were filed on July 16, 2003. No settlement conference statements were ever filed, even after a telephone call from the Court advising that the documents were due but had not been filed. The Respondent failed to appear at the settlement conference on July 18, 2003. On July 23, 2003, the Respondent and his client were ordered to respond to show cause why sanctions should not be imposed.

¶ 6 Respondent sought and was granted an extension of time in which to respond and the response was filed on July 30, 2003. The Court entered an Order recommending that the Respondent's name be stricken from the rolls of attorneys licensed to practice in that Court and sanctioned his client $10,000.00. Testimony was presented at the hearing that collection of this sanction was not being pursued.

¶ 7 Respondent testified that his actions in the instant matter were unprofessional and did not measure up to the standards of conduct expected of members of the Oklahoma Bar. He further testified that he would no longer practice law in areas in which he did not feel comfortable and would limit his practice to divorce and criminal law. Respondent further stated that he has apologized to his client, would apologize to Judge Heaton and was embarrassed by his actions.

¶ 8 Mr. Weldon has twice previously been given private reprimands by the Professional Responsibility Commission. In June of 1988, Weldon was disciplined for failing to timely file a petition in a Workers' Compensation matter that resulted in the dismissal of the appeal. In August of 1992, Weldon was again disciplined by the Professional Respon-

---

1. Rules Governing Disciplinary Proceedings, Rules 6.13 6.16, 5 O.S.2001, Ch. 1, App. 1–A.

sibility Commission by private reprimand for failing to inform his clients that default judgment had been entered against them.

 ¶ 9 Mr. Weldon did not afford his client competent representation. Respondent's acts also were prejudicial to the administration of justice. We find that by these actions Respondent violated Rules 1.1 [2] and 8.4(d) [3] of the Oklahoma Rules of Professional Conduct. We further find that Respondent's acts bring discredit upon the legal profession in violation of Rule 1.3 of the Rules Governing Disciplinary Proceedings [4].

¶ 10 This Court has been previously presented with a similar set of facts in another bar matter. In *State ex rel. Oklahoma Bar Association v. Prather*, 1996 OK 87, 925 P.2d 28, the Respondent therein twice failed to obtain proper service upon the defendants in a lawsuit he was prosecuting. This led to the dismissal of the case and running of the statute of limitations. This Court found such acts to be in violation of the rules of professional conduct and ordered public censure.

 ¶ 11 In the present matter, Respondent has acknowledged his misconduct and has expressed remorse for his actions. He also testified that he will not make this type of mistake in the future as he will limit his practice to only areas in which he feels comfortable. Therefore, we find public censure to be the proper discipline. The Bar Association has also moved that costs of this proceeding be assessed against the Respondent, and the Respondent is ordered to pay such costs totaling $512.36 within thirty (30) days from the date this opinion becomes final.

**2.** *1.1 Competence*
A lawyer shall provide competent representation to a client.
Competent representation requires the legal knowledge, skill, the thoroughness and preparation reasonably necessary for the representation. 5 O.S.2001, Ch.1, App. 3–A

**3.** 8.4 Misconduct
It is professional misconduct for a lawyer to: (d) engage in conduct that is prejudicial to the administration of justice. 5 O.S.2001, Ch.1, App 3–A

RESPONDENT IS PUBLICLY CENSURED AND ORDERED TO PAY THE COSTS OF THIS DISCIPLINARY PROCEEDING IN THE AMOUNT OF $512.36, WITHIN THIRTY (30) DAYS FROM THE DATE THIS OPINION BECOMES FINAL

¶ 12 CONCUR: WATT, C.J., LAVENDER, OPALA, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ.

¶ 13 DISQUALIFIED: WINCHESTER, V.C.J.

**4.** *1.3 Discipline for Act Contrary to Prescribed Standards of Conduct.*

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.