T0 ORDER APPROVING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS.
 

 T1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 0.9$.2001 Ch. 1, App. 1-A), for an order approving the resignation of the respondent, Richard Lee Weldon, pending disciplinary proceedings, the application and resignation reveal the following.
 

 12 On August 30, 2006, the respondent filed with this Court his affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.
 

 T3 The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.
 

 T4 Respondent's affidavit of resignation states his awareness of grievances pending against him and his history of professional discipline.
 

 (a) DC 06-166 is a grievance filed against respondent by the Office of the General Counsel and alleges that criminal charges were filed against respondent in the District Court of McClain County, CF-06-00151. Respondent is charged with unlawful possession of a controlled dangerous drug; unlawful possession of paraphernalia; operating a motor vehicle while under suspension, revocation or cancellation; and failure to carry valid owners security verification form in the vehicle. Respondent has entered a plea of not guilty to those charges. On three dates the Office of the General Counsel mailed to respondent's roster address a letter advising him of the necessity to file a written response according to Rule 5.2, Rules Governing Disciplinary Proceedings. Respondent admits that he failed to respond, and that he is aware of allegations regarding his failure to comply with Rule 5.2.
 

 (b) Respondent received professional discipline from this Court in the form of a public censure in State ex rel. Oklahoma Bar Association v. Weldon, S.C.B.D. No. 4898, 2006 OK 9, 130 P.3d 253, (February 6, 2006). Respondent was ordered to pay costs in the amount of $512.36. Respondent admits that he has not paid these costs.
 

 
 *1271
 
 (c) Respondent admits that he received the following disciplinary sanctions from the Professional Responsibility Commission.
 

 (1) Private Reprimand on June 17, 1988, for professional misconduct.
 

 (2) Private Reprimand on August 28, 1992, for professional misconduct.
 

 (d) Respondent admits that he was suspended from the practice of law on June 26, 2006 for failure to pay Bar Association dues for 2006 (2006 OK 51, S.C.B.D. No. 5204), and that on that date he was suspended from the practice of law for his failure to comply with the requirements of mandatory continuing legal education for 2005 (2006 OK 52, S.C.B.D. No. 5205).
 

 4 5 The resignation states that the respondent is aware that the allegations concerning his conduct, if proven, would constitute violations of Rules, 1.3, and 5.2 of the Rules Governing Disciplinary Proceedings, 5 0.8. 2001, Ch. 1, App. 1-A, and Rule 8.4 of the Oklahoma Rules of Professional Conduct, 5 0.98.2001 Ch. 1, App. 3-A, and his oath as an attorney.
 

 T6 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.
 

 7 The resignation states that the respondent is aware that he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. See 5 0.8.2001 Ch. 1, App. 1-A, Rule 8.2, Rules Governing Disciplinary Proceedings; State ex rel. Oklahoma Bar Association v. Bourland, 2001 OK 12, 19 P.3d 289; In re Reinstatement of Hird, 2001 OK 28, 21 P.3d 1043.
 

 118 The resignation states that the respondent is aware that the Clients' Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Clients' Security Fund for claims against him. See 5 0.8.2001 Ch. 1, App. 1-A, Rule 11.1(b), Rules Governing Disciplinary Proceedings; State ex rel. Oklahoma Bar Association v. Heinen, 2003 OK 36, ¶ 9, 84 P.3d 708, 709.
 

 T9 The resignation states that the Bar Association has incurred costs in the investigation of respondent, but the Association will waive the costs. The application by the Bar Association for approval of the resignation waives an assessment for costs in this proceeding.
 

 T10 The official roster name and address of the respondent is Richard Lee Weldon, O.B.A. No. 9463, P.O. Box 60741, Oklahoma City, OK 78146-0741.
 

 {11 IT IS THEREFORE ORDERED that the application by the Bar Association and Weldon's resignation be approved.
 

 112 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.
 

 13 IT IS FURTHER ORDERED that if any funds of the Clients' Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.
 

 {14 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20th DAY OF FEBRUARY, 2007.
 

 /s/ James Winchester CHIEF JUSTICE
 

 1 15 ALL JUSTICES CONCUR.