OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BOONE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BOONE
2016 OK 101
Case Number: SCBD-6412
Decided: 10/10/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 101, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant
v.
Ronald R. Boone, Respondent.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS AND WAIVING COSTS

¶1 Upon consideration of Complainant, Oklahoma Bar Association's (OBA) application for an order approving the Resignation Pending Disciplinary Proceedings of the Respondent, Ronald R. Boone, and Respondent's executed Affidavit in support thereof, the application reveals the following:

¶2 Respondent, Ronald R. Boone, OBA #14080, was admitted to membership in the Oklahoma Bar Association on September 25, 1991. On June 28, 2016, Respondent submitted his affidavit of resignation pending disciplinary proceedings pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP) Okla. Stat. tit. 5, ch. 1, app. 1-A (2011). His official OBA roster address is 1601 Baycharter Street, Norman, Oklahoma 73071.

¶3 Respondent's affidavit of resignation reflects that he desires to resign and: a) it is freely and voluntarily rendered; b) he is not subject to coercion or duress; c) he is fully aware of the consequences of submitting the resignation; and d) he is aware the resignation is subject to the approval of the Supreme Court. He also intends the effective date of the resignation to be the date and time of its execution and will conduct his affairs accordingly.

¶4 Respondent's affidavit acknowledges his current suspension imposed in a prior disciplinary proceeding on February 9, 2016. At that time, this Court suspended Respondent from the practice of law for six (6) months, and placed Respondent on twelve (12) months probation to be supervised by an OBA lawyer-member at the General Counsel's election.[1] The OBA appointed J. Michael Sherrod to assume several of Respondent's cases following his suspension.

¶5 Respondent's affidavit states he is aware the Oklahoma Bar Association has investigated the below grievances following his February 9, 2016, suspension from the practice of law:

1 - Sanden's Grievance

Patrick N. Sanden alleges neglect for failing to adequately communicate with Sanden about the status of his case following the filing of the final divorce decree in April 2015.

2 - Sherrod's Grievance

J. Michael Sherrod, the appointed OBA lawyer-member, alleges that Respondent failed to safe-keep client monies entrusted to Respondent and that Respondent failed to account for and refund unearned fees in the following matters:

a. State of Oklahoma v. Roy Workman, Cleveland County District Court Case No. CF-2015-1945, unearned fee of $15,000.00;

b. State of Oklahoma v. Myisha Lusk, Cleveland County District Court Case Nos. CM-2015-1808, CF-2016-127, CF-2016-131, CF-2016-527, and CF-2016-562, unearned fee of $7,500.00;

c. State of Oklahoma v. Misti B. Scarlott, Cotton County District Court Case Nos. CF 2013-42 and CM 2013-77, unearned fee $5,000.00; and

d. Schneider and Schneider v. Clyde B. Longman, Cleveland County District Court Case No. CV 2015-2277, unearned fee of $900.00.

Sherrod also alleged that Respondent neglected his client's legal interest in Donna Cox v. Letia Tylene Griffith, Cleveland County District Court Case Nos. CJ-2012-1037 and CJ-2014-330. Specifically, Sherrod alleged that Respondent failed to advise the client of his suspension and failed to withdraw from the client's cases. Additionally, the OBA alleges that Respondent failed to cooperate with its investigation of the Sherrod grievance.

3 - Butler's Grievance

Willa Butler retained Respondent in a wrongful death action in May 2015. Butler alleges that Respondent failed to file her claim ultimately resulting in the matter being time barred. In addition, Butler alleges that Respondent ceased all communications and failed to advise Butler of Respondent's suspension from the practice of law. The OBA alleges that Respondent failed to cooperate with its investigation of the Butler grievance.

¶6 Respondent acknowledges that the allegations contained in Grievances 1-3, if proven, constitute violations of Rules 1.3, 5.2, and 9.1 of the Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch.1, app 1-A (2011) and Rules 1.3, 1.4, 1.5, 1.15, 1.16(d), 8.1(b), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), Okla. Stat. tit. 5, ch.1, app. 3-A (2011), and Respondent's oath as an attorney.

Additional Allegations 

¶7 Respondent's Affidavit also acknowledges that the OBA discovered the following cases wherein Respondent allegedly failed to safe-keep client funds and or engaged in the unauthorized practice of law during Respondent's suspension:

(a) State of Oklahoma v. Jason Lim Stewart, Pottawatomie County District Court Case No. CF-2016-0302;

(b) In re the Marriage of Michelle Diane Dan v. Jeremy Clyde Dan, Cleveland County District Court Case No. FD-2015-588;

(c) State of Oklahoma v. Chad Michael Thomas, McClain County District Court Case No. CF-2015-340;

(d) State of Oklahoma v. Chad Michael Thomas, Cleveland County District Court Case No. CF-2013-523;

(e) State of Oklahoma v. Chad Michael Thomas, Cleveland County District Court Case No. CF-2015-1025;

(f) State of Oklahoma v. Chad Michael Thomas, Oklahoma County District Court Case No. CF-2015-936;

(g) State of Oklahoma v. Ladonna Kay Edwards, McClain County District Court Case No. CF-2014-0048;

(h) State of Oklahoma v. William Lewis Sissney, Canadian County District Court Case No. CF-2016-46;

(I) State of Oklahoma v. William Lewis Sissney, Custer County District Court Case No. CF-2016-00052;

(j) State of Oklahoma v. Kevin Dewayne Grace, Oklahoma County District Court Case No. CF-2014-540;

(k) State of Oklahoma v. Michael Gatlin, Custer County District Court Case No. CF-2015-00474; and

(l) State of Oklahoma v. Levi Sagers, Cleveland County District Court Case No. CM-2016-402.

¶8 Respondent acknowledges that the allegations contained in paragraphs (a) through (l), if proven, constitute violations of Rule 1.3 RGDP, and Rules 1.5, 1.15, 1.16(d), 5.5(a), and 8.4(d) of the ORPC, and Respondent's oath as an attorney.

¶9 Respondent waives any and all rights to contest the allegations.

¶10 Respondent is aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of his resignation is within the discretion of the Supreme Court of Oklahoma.

¶11 Respondent's affidavit states he agrees to comply with all provisions of RGDP Rule 9.1 within twenty (20) days following the Court's approval of his resignation pending disciplinary proceedings.

¶12 Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five (5) years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

¶13 Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. He agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

¶14 Respondent has surrendered his Bar membership card to the Office of the General Counsel.

¶15 Respondent acknowledges and agrees to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client cases where fees or refunds are owed by Respondent.

¶16 Respondent acknowledges that the OBA has incurred minimal costs during the course of its investigation of this matter.

¶17 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of RONALD R. BOONE, OBA No. 14080, be stricken from the roll of attorneys. Since resignation pending disciplinary proceedings is tantamount to disbarment, Respondent Boone may not make application for reinstatement prior to the expiration of five (5) years from the effective date of this order. Pursuant to Rule 9.1, Respondent shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients immediately by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶18 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the resignation pending disciplinary proceedings of Respondent Ronald R. Boone is hereby approved. Costs of the proceeding are waived due to the express statement by the Oklahoma Bar Association that it did not incur any costs.

¶19 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 10th day of October, 2016.

/s/Vice Chief Justice

ALL JUSTICES CONCUR

FOOTNOTES

[1] The exact terms of Respondent's discipline were as follows:

Respondent shall be suspended from the practice of law for a period of six (6) months. Additionally, this Court agrees that supervision is necessary to maintain order in Respondent's practice and to ensure that his clients' cases are monitored. Upon the conclusion of Respondent's suspension, Respondent shall be required to meet once a month with an OBA lawyer-member of the General Counsel's choice who shall serve as a supervising attorney for Respondent for a period of twelve (12) months. This supervising attorney will review Respondent's office procedures and help address issues and concerns. Any concerns of neglect or other misconduct on the part of Respondent shall be immediately reported to the OBA.

OBA v. Boone, 2016 OK 13, ¶ 33, 367 P.3d 509, 517-518.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2016 OK 13, 367 P.3d 509, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BOONE
Discussed