OSCN Found Document:STATE OF OKLAHOMA ex rel OBA v. CONRADY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE OF OKLAHOMA ex rel OBA v. CONRADY
2025 OK 74
Decided: 10/14/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 74, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JAMES ALBERT CONRADY,
Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 In an attorney-discipline proceeding initiated under Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021 Ch. 1, App. 1-A, Respondent was charged with five counts of professional misconduct. The charges contain multiple allegations that Respondent neglected his clients and the Oklahoma Rules of Professional Conduct. The trial panel of the Professional Responsibility Tribunal (PRT) found clear and convincing evidence that Respondent committed professional misconduct and failed to cooperate in responding to the grievances. The PRT recommended, by unanimous vote, that Respondent be disbarred. During the pendency of this Rule 6 proceeding, Complainant initiated a summary reciprocal disciplinary proceeding against Respondent under RGDP Rule 7.7. Upon de novo review, we order Respondent's disbarment pursuant to both RGDP Rules 6 and 7.

RESPONDENT IS DISBARRED AND ORDERED TO PAY COSTS

Jana J. Harris, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

James Albert Conrady, Stillwater, Oklahoma, Respondent, pro se.

JETT, J:

¶1 James Albert Conrady (Conrady or Respondent) has repeatedly practiced law without the requisite diligence, failed to communicate with clients, neglected to hold unearned fees in trust, and accepted fees he did not earn. This resulted in material harm to several of Respondent's clients. We have already disciplined Respondent once and conclude he should not continue practicing law in this state. The U.S. Court of Appeals for the Tenth Circuit has disbarred Respondent, and we now do the same.

¶2 In response to grievances from multiple clients, the Oklahoma Bar Association (Bar or Complainant) brought a formal complaint against Respondent under Rule 6 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021 Ch. 1, App. 1-A. 

¶3 During the pendency of this formal disciplinary proceeding, Complainant initiated a summary reciprocal disciplinary proceeding against Respondent under RGDP Rule 7.7, which provides an independent basis for disbarment. 

¶4 This Court is responsible for regulating the practice of law in Oklahoma. de novo, or without deference to either the stipulations of the parties or the findings, conclusions, and recommendations of the PRT. 

I. RULE 6 DISCIPLINARY PROCEEDING

A. Count I: Representation of Jason Clark

¶5 Respondent engaged in professional misconduct in his representation of Jason Clark (Clark). Clark's professional relationship with Respondent began approximately ten years ago when Clark retained Respondent to prepare operating agreements for his oil and gas business, Gator, LLC. 

¶6 Respondent filed an answer to the lawsuit and an affirmative defense that the operating agreement mandated mediation and arbitration before initiating litigation. 

¶7 On December 2, 2022, the trial court granted a temporary injunction to prevent Clark from exercising control over Gator, LLC and again ordered the parties to mediation. 

¶8 Although Respondent did not communicate with Clark, he did contact opposing counsel, to whom he stated in writing that he would not participate in mediation or arbitration related to the Logan County case. 

¶9 In June 2023, Respondent filed a federal lawsuit against the Gator plaintiffs on Clark's behalf asserting RICO and ERISA claims. 

¶10 Respondent refiled the federal action in December 2023. 

¶11 An evidentiary hearing was set for May 2024 to address Respondent's failure to appear in April. Clark defendants based on Respondent's repeated failures to respond and appear. 

¶12 Pursuant to ORPC Rule 1.3, "A lawyer shall act with reasonable diligence and promptness in representing a client." ORPC Rule 1.4 requires a lawyer to:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

Over the course of his representation of Clark, Respondent failed to act with reasonable diligence and promptness in representing the client; failed to reasonably consult with the client about his unorthodox strategy; and failed to communicate and respond to the client's requests for information. This demonstrates Respondent's failure to comply with ORPC Rules 1.3 and 1.4.

¶13 According to ORPC Rule 3.1, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." The evidence shows Respondent "failed to respond to defense motions, failed to comply with [c]ourt [o]rders[,] and failed to appear for hearings." 

¶14 In the course of Respondent's representation of Jason Clark, there is clear and convincing evidence Respondent violated ORPC Rules 1.3, 1.4, and 3.1. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

B. Count III: Representation of Donett Brooks

¶15 Respondent engaged in professional misconduct in his representation of Donett Brooks (Brooks). Following the death of her husband, Brooks retained Conrady to assist with multiple legal matters, including the probate of her late husband's estate, the revision of her own will and trust, preparation of business tax returns, and the transfer of stock, among other issues. 

¶16 Although Respondent occasionally contacted Brooks with pertinent questions, none of the matters advanced in any meaningful way. 

¶17 In addition to his inaction, Respondent returned only a portion of the original documents Brooks had provided to him. 

¶18 The evidence of Respondent's misconduct is clear and convincing. Respondent failed to act with reasonable diligence and promptness as required by ORPC Rule 1.3. In violation of ORPC Rule 1.4, he failed to communicate with the client and respond to reasonable requests for information. Respondent accepted substantial fees for work he did not perform in contravention of ORPC Rule 1.5. Respondent also commingled Brooks' retainer with personal or operating funds and failed to issue any refund in violation of ORPC Rule 1.15.

¶19 We conclude Respondent violated ORPC Rules 1.3, 1.4, 1.5, and 1.15. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

C. Count IV: Representation of Geoffrey Arce

¶20 Geoffrey Arce (Arce), the owner of a powersports business in Norman, retained Respondent to initiate a federal lawsuit to recover damages connected to a state court case. 

¶21 While the federal case was pending, Arce also retained Respondent to represent him in a separate replevin action filed in Cleveland County District Court. 

¶22 Respondent received an initial retainer from Arce in the amount of $2,500.00. 

¶23 There is clear and convincing evidence Conrady engaged in professional misconduct in his representation of Arce. In violation of ORPC Rule 1.3, Respondent failed to act with reasonable diligence and promptness allowing cases he filed to be dismissed and default judgment to be entered against the client. He failed to communicate with his client and to respond to reasonable requests for information as mandated by ORPC Rule 1.4. Respondent accepted more than $5,000.00 in fees for work that he largely did not perform. This constitutes an unreasonable fee under ORPC Rule 1.5. Contrary to ORPC Rule 1.15, Respondent deposited Arce's initial retainer directly into his operating account rather that depositing it into his IOLTA account for safekeeping until the fee was earned.

¶24 We conclude Respondent violated ORPC Rules 1.3, 1.4, 1.5, and 1.15. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

D. Count V: Representation of Navarro and Boggs

¶25 Jodie Navarro and her brother, Micah Boggs, retained Respondent to assist with the probate of their late father's estate, believing their stepmother had improperly filed the probate action in the wrong county. 

¶26 After a significant delay, Respondent advised Boggs that he needed more money before he could file the case in Canadian County. 

¶27 We find clear and convincing evidence that Respondent committed professional misconduct. Respondent failed to act with reasonable diligence and promptness in initiating a Canadian County probate action as required by ORPC Rule 1.3. In contravention of ORPC Rule 1.4, Respondent ceased communication with the clients. Despite reporting there was a $1,000.00 credit remaining from the clients' retainer, Conrady performed no additional work. Nor did he refund the unused retainer. Thus, the fee charged by Respondent was unreasonable in violation of ORPC Rule 1.5. Finally, Respondent did not deposit the clients' retainer in his IOLTA account until such time as it was earned as required by ORPC Rule 1.15. 

¶28 We conclude Respondent violated ORPC Rules 1.3, 1.4, 1.5, and 1.15. This constitutes professional misconduct pursuant to ORPC Rule 8.4(a).

E. Count II: Representation of Margaret Lowery

¶29 The Bar has failed to present clear and convincing evidence that Respondent engaged in professional misconduct during his representation of Margaret Lowery (Lowery). 

¶30 The Bar alleges that Lowery, a self-employed attorney, "retained Respondent [in March 2024] to seek emergency injunctive relief on her behalf in federal court related to her bar licensure proceedings in the State of Illinois." 

¶31 Lowery herself has been subject to attorney discipline proceedings. In 2023, this Court imposed reciprocal discipline on Lowery after the Illinois Supreme Court suspended her from practicing law for thirty days. Lowery made knowingly false statements in a disciplinary proceeding. 

¶32 In Lowery's testimony to the PRT, she made statements that undermine her credibility. For instance, the Bar's counsel asked Lowery whether there was a "sense of urgency about the filing" of a declaratory judgment action. 

Well, we had an upcoming hearing that we were afraid I would be defaulted in, and I had gotten very, very ill from sepsis with kidney stones. In fact, that's what occurred, and he [Respondent] was supposed to file the action, and I ended up being defaulted. 

Later, when she was testifying about the date of text messages she sent to Respondent, Lowery stated, "I'm going to guess this was around May 1. I mean, I had sepsis during this time period, so I don't want to misstate anything to anybody, but that would be my best." 

¶33 Lowery's testimony that she was "very, very ill from sepsis" and that she was "defaulted" is dubious. On May 2, 2024, the Hearing Board of the Illinois Registration and Disciplinary Commission (IRDC) conducted an evidentiary hearing upon allegations that Lowery had engaged in professional misconduct. pro se, filed repeated motions requesting that the hearing be continued. 

¶34 The Hearing Board of the IRDC eventually denied Lowery's request for a continuance but allowed her to participate remotely. 

¶35 Eventually, the Hearing Board of the IRDC found clear and convincing evidence that Lowery "knowingly and recklessly made a false statement of fact to the [Illinois] Supreme Court" that an Illinois judge "threatened to harm her, which falsely impugned his integrity and which constituted dishonest conduct." 

¶36 To be clear, we draw no conclusions regarding the validity of the professional misconduct violations against Lowery. However, we find it concerning that in its submissions to this Court the Bar made no attempt to demonstrate Lowery's credibility as a witness in this case. Neither the Bar's Complaint nor its Brief-in-chief mentioned Lowery's previous discipline, which was based in part on dishonesty in professional misconduct proceedings. Nor, for that matter, does it appear that the Bar advised the PRT that aspects of Lowery's testimony to the PRT had been found to lack credibility a few months earlier by a sister tribunal in Illinois. The PRT made no specific finding with respect to Lowery's credibility.

¶37 The purpose of disciplinary proceedings is "not to punish a lawyer, but to inquire into and to gauge the lawyer's continued fitness to practice law, with a view to protecting the interest of the public, of the courts[,] and of the legal profession." 

¶38 For the foregoing reasons, we conclude that Lowery's testimony is not credible. Each allegation of professional misconduct arising from Respondent's representation of Lowery relies, at least in part, on Lowery's testimony. The Bar, therefore, has not produced clear and convincing evidence that Respondent engaged in professional misconduct in his representation of Lowery.

II. RESPONDENT'S CONDUCT

A. Respondent's Failure to Cooperate

¶39 Clark filed his grievance against Respondent April 17, 2024. The next month, the Bar sent a letter to Respondent directing him to respond to Clark's grievance within twenty days. Respondent did not respond. In July, the Bar sent a second letter, via certified mail, return receipt requested, directing Respondent to respond in five days. Once again, no response was received. A third letter directing Respondent to submit a response to Clark's grievance and to submit certain IOLTA bank account records, also went out in July. Respondent did not respond to the third letter. 

¶40 Brooks filed her grievance against Respondent September 11, 2024. Five days later, the Bar sent a letter to Respondent advising him that Brooks had filed a grievance and directing Respondent to respond to the grievance within twenty days. No response was received. About six weeks later, the Bar sent a second letter, via certified mail, return receipt requested, directing Respondent to respond in five days. It, too, went ignored. 

¶41 Arce filed his grievance against Respondent December 12, 2024. The day after Christmas, the Bar sent a letter to Respondent advising him that Arce had filed a grievance and directing Respondent to respond to the grievance within twenty days. Respondent did not respond. A second letter, sent via certified mail, return receipt requested, went out in late January. Respondent did not respond. 

¶42 Navarro and Boggs filed their grievance against Respondent February 3, 2025. Just over a week later, the Bar sent a letter to Respondent advising him of the grievance and directing Respondent to respond to the grievance within twenty days. This letter, not unlike the other letters advising him of the grievances filed against him and directing him to respond, went unanswered. 

¶43 Respondent's conduct is subject to discipline under RGDP Rule 5.2, which specifies that "[t]he failure of a lawyer to answer [a grievance] within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the [Bar's] General Counsel, shall be grounds for discipline." However, Respondent's failure to comply with RGDP Rule 5.2 is not a determinative factor in the discipline we impose in this proceeding.

B. Respondent's Conduct During the Trial Proceedings

¶44 Respondent's failure to respond to the grievances and refusal to cooperate with the Bar's investigation notwithstanding, Respondent made a closing statement at the April 21, 2025 hearing in which he "apologized to the Bar"; "acknowledged he failed to properly communicate and respond to clients"; and noted his "shameful conduct." 

¶45 We acknowledge and appreciate Respondent's decision to apologize and admit his failure to adequately communicate with his clients. Not every attorney facing disciplinary charges chooses to take responsibility or express regret for their actions. We have taken Respondent's contrition into account when considering appropriate discipline in this case.

C. Respondent's Prior Discipline

¶46 This is not Conrady's first disciplinary proceeding. 

III. RULE 7 DISCIPLINARY PROCEEDING

¶47 During the pendency of the Rule 6 proceeding (SCBD No. 7863) against Respondent, Complainant initiated a summary reciprocal disciplinary proceeding pursuant to RGDP Rule 7.7 (SCBD No. 7940). Rule 7.7(b) requires the Bar notify the Chief Justice "[w]hen a lawyer is the subject of a final adjudication in a disciplinary proceeding . . . in any other jurisdiction." On July 28, 2025, Complainant informed the Chief Justice that Respondent's name had been stricken from the U.S. Court of Appeals for the Tenth Circuit's attorney admission roster after he "entered an appearance while suspended from practicing law in th[at] court" and "failed to respond to multiple orders and communications . . . regarding noncompliance with th[at] court's rules." 

¶48 Per RGDP Rule 7.7(b), this Court ordered Conrady to show cause in writing by August 22 why a final order of discipline should not be made. In the interest of explaining his conduct or by way of mitigating the discipline which may be imposed upon him, the show cause order informed Respondent he was permitted to submit a brief and any evidence, including transcripts of evidence taken during disciplinary proceedings in another jurisdiction, tending to mitigate the severity of discipline by September 5, 2025. 

¶49 The same show cause order advised Complainant it was permitted to submit a brief and any evidence supporting a recommendation of discipline on or before September 22, 2025. Complainant filed a brief requesting that Respondent be disbarred. prima facie evidence of Respondent's professional misconduct. 

A. Respondent's Failure to Self-Report

¶50 RGDP Rule 7.7(a) requires "a lawyer licensed in Oklahoma to notify the [Bar's] General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline." An order of disbarment by the Tenth Circuit triggers the reporting requirement under Rule 7.7(a). 

B. The Tenth Circuit's Prima Facie Evidence Against Respondent

¶51 Pursuant to ORPC Rule 3.4(c), "[a] lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists . . . ." ORPC Rule 5.5 likewise prohibits a lawyer from "practic[ing] law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction . . . ." RGDP Rule 7.7(c) states, "Certified copies of [another jurisdiction's disciplinary] documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described."

¶52 Here, a certified copy of the Tenth Circuit's order disbarring Respondent confirms Respondent "failed to respond to multiple orders and communications from the court regarding noncompliance with the court's rules" and "knowingly disobeyed" Tenth Circuit rules by "enter[ing] an appearance while suspended from practicing" in that jurisdiction. 

IV. CONCLUSION

¶53 Based on the foregoing, we conclude Respondent has committed professional misconduct as that term is defined in ORPC Rule 8.4(a). Even when allegations are deemed admitted pursuant to RGDP Rule 6.4, we retain our prerogative to determine the appropriate discipline to be imposed in RGDP Rule 6 proceedings. 

¶54 "[T]he totality of Respondent's conduct warrants disbarment" pursuant to both RGDP Rule 6 and Rule 7. 

¶55 Respondent James Albert Conrady is therefore disbarred and, pursuant to RGDP Rule 6.16, ordered to pay the costs of this proceeding in the sum of $4,833.99 within ninety days of the effective date of this opinion.

* * *

¶56 No sooner than five (5) years after the effective date of this opinion, Respondent may petition this Court for reinstatement to the practice of law through the procedures set forth in RGDP Rule 11.

RESPONDENT IS DISBARRED AND ORDERED TO PAY COSTS

ALL JUSTICES CONCUR

FOOTNOTES

State ex rel. OBA v. Conrady, SCBD No. 7863 (Okla. March 19, 2025).

State ex rel. OBA v. Conrady, SCBD No. 7863 (Okla. July 30, 2025).

Id. at *13.

State ex rel. OBA v. Conrady, SCBD No. 7940 (Okla. July 28, 2025).

See State ex rel. OBA v. Knight, 2014 OK 71330 P.3d 1216

5 O.S. § 13

Id.; State ex rel. OBA v. Kruger, 2018 OK 53421 P.3d 306

State ex rel. OBA v. Boone, 2016 OK 13367 P.3d 509

State ex rel. OBA v. Clark, 2023 OK 27527 P.3d 708

Id.; see also Gator, LLC v. Clark, No. CJ-2022-117 (Logan Cnty. D. Ct.).

Id.

Gator, LLC v. Clark, No. CJ-2022-117 (Logan Cnty. D. Ct. Aug. 30, 2022).

Gator, LLC v. Clark, CJ-2022-117 (Logan Ctny. D. Ct. Dec. 2, 2022). On December 2, 2022, the trial court also entered a minute order staying the proceeding pending mediation and arbitration. Minute Order, Gator, LLC v. Clark, CJ-2022-117 (Logan Cnty. D. Ct. Dec. 2, 2022.)

Gator, LLC v. Clark, No. 120,962, slip op. at **6--9 (Okla. Civ. App. Aug. 8, 2023).

Id. at *7.

Id.

Gator, LLC v. Clark, No. CJ-2022-117 (Logan Cnty. D. Ct. Feb. 2, 2024).

Id.

Gator, LLC v. Clark, No. 122,025 (Okla. Sept. 30, 2024).

Clark v. Stockton, No. CIV-23-521 (W.D. Okla. June 13, 2023).

Clark v. Stockton, No. CIV-23-521 (W.D. Okla. Sept. 15, 2023).

Clark v. Stockton, No. CIV-23-521 (W.D. Okla. Oct. 10, 2023).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. Dec. 15, 2023).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. April 2, 2024).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. April 10, 2024).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. April 10, 2024).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. May 2, 2024).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. June 12, 2024).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. June 12, 2024).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. June 12, 2024).

Clark v. Stockton, No. CIV-23-1147 (W.D. Okla. June 12, 2024).

Id.; see also Compl't's Br.-in-chief.) Thus, we do not consider this unbriefed argument.

Conversely, in its Br.-in-chief, the Bar claims Respondent violated Rule 1.15; however, the PRT did not find that Respondent violated Rule 1.15 in his representation of Clark. (See generally Report of the Trial Panel.) We cannot determine by clear and convincing evidence that Respondent violated Rule 1.15 in his representation of Clark.

Id. at *6; see also Tr. at 147:13.

see also Docket Sheet, In re Estate of Charles H. Holmes, Deceased, No. PB-2013-56 (McClain Cnty. D. Ct.).

Id.

Id.

Id.

Id.; see also Tr. at 153:19--21.

.

Id. at *7.

see also Tr. at 192:3.

Arce v. Dep't of Wildlife, No. 5:23-CV-722 (W.D. Okla.).

Id.

Id.; see also Vidana v. Amphib. Powersports LLP, No. CJ-2023-1212 (Cleveland Cnty. D. Ct.).

Id.; see also Journal Entry of J., CJ-2023-1212 (Cleveland Ctny. D. Ct. Aug. 6, 2024).

Id. at 189:23--190:1.

Id. at 191:8--11; see also Compl't's Ex. 4G at *13.

see also Tr. at 235:25--236:10.

Id.

Id.

Id. at **7--8; see also Compl't's Ex. 1, vol. 8, Tab 5(A) at *9.

see also Tr. at 202:21--203:19; Compl't's Ex. 5A at *9.

Id. at **8--9.

Id. Rule 1.15.

Accord Compl't's Mot. to Deem Allegations Admitted, State ex rel. OBA v. Conrady, SCBD No. 7863 (Okla. March 19, 2025). However, "Even when allegations are deemed admitted, we will impose discipline only upon finding that clear and convincing evidence was presented demonstrating the misconduct. Clark, 2023 OK 27State ex rel. OBA v. Seratt, 2003 OK 2266 P.3d 390

Id. at *17.

Id.

State ex rel. OBA v. Lowery, 2023 OK 54531 P.3d 99

Id. ¶ 33, 531 P.3d at 106.

Id. at 127:15--22.

Id. at 130:12--18.

In re Lowery, No. 2023PR00060, at *1 (Ill. Att'y Reg. Discip. Comm'n Dec. 12, 2024).

Id. at *3.

Id. at *4.

Id. at *5.

Id.

Id. at *2.

Contra Tr. at 127:21--22.

In re Lowery, No. 2023PR00060, at *8.

Id. at *14.

Id. at *27.

In re Lowery, No. 2023PR00060, at *30 (Ill. Att'y Reg. Discip. Comm'n Oct. 3, 2025).

State ex rel. OBA v. Bolton, 1995 OK 98904 P.2d 597

Id. at *12.

Id.

Id.

State ex rel. OBA v. Conrady, 2012 OK 29275 P.3d 133

In re Reinstatement of Conrady, 2017 OK 29394 P.3d 219

see also State ex rel. OBA v. Mothershed, 2003 OK 3466 P.3d 420

State ex rel. OBA v. Conrady, SCBD No. 7940 (Okla. Aug. 1, 2025).

Id. at *4.

Id.

See State ex rel. OBA v. Hyde, 2017 OK 59397 P.3d 1286

State ex rel. OBA v. Rymer, 2008 OK 50187 P.3d 725

Clark, 2023 OK 27

Knight, 2014 OK 71

E.g., State ex rel. OBA v. Mortenson, 2023 OK 32527 P.3d 724

Kruger, 2018 OK 53

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105